# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ROSA JONES, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) 2:19-cv-50 |
| v. | ) |
| | ) |
| SWEPI LP ET AL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

**Mark R. Hornak, Chief United States District Judge**

Pending before the Court is a Partial Motion to Dismiss, ECF No. 9, filed by Defendants SWEPI LP ("SWEPI") and Shell Energy Holding GP, LLC (collectively, "Defendants").[1] Defendants seek to dismiss the claim for punitive damages, labeled in Plaintiff's Complaint as "Count VI." (Compl., ECF No. 1-2 ¶ 44–46.) For the reasons that follow, the Motion is denied.

## I. Background

This case is about the untimely death of Marc Jones. Mr. Jones, a resident of Kansas, worked as an employee for Deep Well Services on a well pad in Middlebury Center, Pennsylvania, that was under the control of Defendants.[2] (Compl. ¶¶ 1, 7.) On or about October 27, 2018, Mr. Jones was atop the well pad, 65 feet in the air, in the course of his employment, when a large piece

---

[1] Plaintiff also brought claims against two individuals, Richard Kinnan and Barbara Kinnan. (Compl., ECF No. 1-2.) On February 19, 2019, pursuant to Plaintiff's Notice of Dismissal under Federal Rule of Civil Procedure 41, the Court dismissed those two individuals from this action without prejudice. (Order, ECF No. 19.) Therefore, SWEPI and Shell Energy Holding, GP, are the only remaining Defendants in the case.

[2] SWEPI is a Delaware limited partnership with a principle place of business in Texas. (Compl. ¶ 2.) Shell Energy Holding GP, LLC, is the general partner of SWEPI, with a principle place of business in Texas.

of equipment became dislodged from the well pad and pinned Mr. Jones to the platform, asphyxiating him. (*Id.* ¶ 10.) Mr. Jones was pronounced dead the same day, as a result of blunt force trauma and positional asphyxiation. (*Id.* ¶ 12.)

Plaintiff, administratrix of Mr. Jones's estate, pleads that Defendants had a duty to Mr. Jones and others to keep and maintain the well pad in a reasonably safe condition, and the dislodging of the equipment that caused Mr. Jones's injuries and subsequent death was caused by Defendants' negligence and wrongdoing because Defendants knew or should have known of the well pad's dangerous condition. (*Id.* ¶¶ 8, 10, 14.) Plaintiff also alleges that SWEPI has been issued "hundreds of violations by the Pennsylvania Department of Environmental Protection ["PADEP"] in connection with its operation of those wells." (*Id.* ¶ 2.)

Plaintiff's Complaint asserts six "counts." Counts I and II allege negligence against each of the Defendants, respectively. (*Id.* ¶¶ 21–28.) Plaintiff voluntarily dismissed Count III. *See supra* note 1. Count IV asserts a survival action against both Defendants, and Count V asserts a wrongful death action against both Defendants. (*Id.* ¶¶ 33–43.) Count VI, the subject of the Partial Motion to Dismiss, asserts the right to recover punitive damages from Defendants. (*Id.* ¶¶ 44–46.) Under the "Count VI" caption, Plaintiff asserts that PADEP has issued hundreds of violations in connection with their operation of wells in Pennsylvania, and these repeated violations show a reckless indifference to the rights of Mr. Jones. (*Id.* ¶¶ 45–46.)

## II. <u>Legal Standard</u>

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining upon whether the plaintiff will be likely to prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pleaded

2

factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level" and "sufficient to state a claim for relief that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

Our Court of Appeals has instructed that "a court reviewing the sufficiency of a complaint must take three steps," *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 786–87 (3d Cir. 2016), explaining:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. *See also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d at 786–87. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A plaintiff must set forth "sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence" of the elements of the claim for relief *Trzaska v. L'Oreal USA, Inc.*, 865 F.3d 155, 162 (3d Cir. 2017). *See also Connelly*, 809 F.3d at 789.

3

## III. <u>Discussion</u>

Defendants seek dismissal of Count VI, the claim for punitive damages, with prejudice on the basis that Pennsylvania does not recognize a separate claim for punitive damages. Plaintiff does not dispute that punitive damages are actually a type of remedy contingent upon a favorable judgment on other underlying causes of action. Rather, Plaintiff argues that captioning her prayer for punitive damages does not make punitive damages an "independent cause of action."[3]

"In a diversity action [ ] the propriety of an award of punitive damages for the conduct in question, and the factors the jury may consider in determining their amount, are questions of state law." *Elmi v. Kornilenko*, No. 17-cv-177, 2018 WL 1157996, at *3 (W.D. Pa. Mar. 2, 2018) (quoting *Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 278 (1989)). Under Pennsylvania law, which all parties agree controls here, "[p]unitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others." *Id.* (quoting *Hutchison ex rel. Hutchison v. Luddy*, 870 A.2d 766, 770 (Pa. 2005)).

"A request for punitive damages does not constitute a cause of action in an[d] of itself. Rather, a request for punitive damages is merely incidental to a cause of action." *Nix v. Temple Univ. of Com. Sys. of Higher Educ.*, 596 A.2d 1132, 1138 (Pa. 1991) (citing *Feingold v. SEPTA*,

---

[3] The undersigned does not require parties to file a certification that counsel met and conferred on whether alleged deficiencies in a complaint can be cured by amendment, but this is a classic example of why other judicial officers in this Court impose such a rule. It strikes the Court that at least some lawyers in either counsel's shoes might have elected to simply call up opposing counsel on the phone and discuss how the claim for punitive damages fits into the case (and whether an amended complaint addressing form may be appropriate), before cranking out a fully briefed (with a reply) and resource-consuming motion to dismiss (seeking dismissal with prejudice) because the parties dispute the meaning of a heading. But, we are where we are, hence this Memorandum Opinion.

4

517 A.2d 1270 (Pa. 1986). In *Nix*, the trial court dismissed all counts of the complaint based on inadequate pleading and then dismissed the "count" for punitive damages because that count "failed to constitute a cause of action in and of itself." *Id.* at 1133. The Superior Court of Pennsylvania affirmed the trial court, briefly stating that dismissal of the punitive damages claim was proper since such a claim "is merely incidental to a cause of action." *Id.* at 1138. The Court agrees with Plaintiff that this case does not stand for the principle that a claim for punitive damages cannot be characterized as a "count," but rather stands for the rule that a claim for punitive damages cannot survive the dismissal of all remaining causes of action. To be clear, Defendants do not challenge the sufficiency of any causes of action in Plaintiff's Complaint.

This Court has, on at least two occasions, addressed a defendant's argument that punitive damages should be dismissed when they are pled as their own "count." In both cases, this Court has permitted the punitive damage remedy to survive dismissal.

> [Defendant] correctly posits that punitive damages cannot be recovered separate and apart from an independent cause of action. *See Kirkbride v. Lisbon Contractors, Inc.*, 555 A.2d 800, 802 (Pa. 1989). But its assertion that plaintiffs' claim for punitive damages constitutes a separate cause of action and should therefore be dismissed relies primarily on *Ruehl v. S.N.M. Enterprises, Inc.*, 2015 WL 2374256, *2 (E.D. Pa. May 18, 2015). There, the court held that where a plaintiff's claim for punitive damages may be interpreted either as asserting an independent claim for relief or as one premised on the underlying claims, it should not be dismissed to the extent that it seeks punitive damages "as part of the damages calculation contingent on [the] substantive underlying claim." *Id.*
>
> Here, as in *Ruehl*, plaintiffs' request for punitive damages is given its own separate heading and can therefore be interpreted as advancing an independent claim for relief. Notwithstanding any such construction, it also clearly appears to be premised on plaintiffs' substantive causes of action. Given that plaintiffs have pled causes of action that give rise to the ability to recover punitive damages and the pleading standards do not demand the exacting specificity advocated by [defendant], the requested damage remedy must be permitted to move forward.

*Smith v. Alien Flier, LLC*, No. 15-cv-1128, 2016 WL 5661747, at *4 (W.D. Pa. Sept. 30, 2016).

Stated more bluntly:

5

> The United States Supreme Court has clarified ... that the "Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Caldon, Inc. v. Peerless Ins.*, 2007 WL 504895 (3d Cir.2007), quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957).
>
> . . . .
>
> Although defendants are technically correct that under Pennsylvania law, *Nix v. Temple University*, 596 A.2d 1132 (Pa. Super. 1991), punitive damages are typically plead [sic] as merely incidental to a cause of action, and not as a separate cause of action in and of itself, in the interests of efficiency and judicial economy, this Court will not elevate form over substance because to do so, would require plaintiff to again amend his complaint, thus subjecting the parties to yet another round of motions to dismiss. Moreover, whether plead as a separate cause of action or merely appended to the prayer for relief is not material to the merits of the case.

*Husman v. Allstate Ins. Co.*, No. 06-cv-1646, 2007 WL 712211, at *1 (W.D. Pa. Mar. 7, 2007). Plaintiff need not amend her Complaint to clarify that her requested relief for punitive damages are "merely incidental to a cause of action." *Nix*, 596 A.2d at 1138.

In their reply, Defendants assert a new argument, namely that the factual allegations supporting Defendants' recklessness—numerous PADEP violations—lack any nexus to the underlying injury. Defendants then attached exhibits to their reply to show that PADEP is an environmental agency that is too far removed from an injury caused by blunt force trauma and asphyxiation. (ECF No. 17-1 thru -2.)[4] This argument did not appear in Defendants' Motion or brief in support of their Motion but was first raised in their reply. The Court need not consider the argument, especially since Plaintiff did not have an opportunity to weigh in on the matter. *See Konold v. Superior Int'l Indus.*, 911 F. Supp. 2d 303, 307 n.2 (W.D. Pa. 2012) (declining to consider arguments not included in the motion to dismiss or brief in support thereof because it

---

[4] Defendants offer no basis for which the Court can take these attachments into account on a motion to dismiss. *See In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 (3d Cir. 2016) (addressing the permissible record on a motion to dismiss). And, of course, Plaintiff was not given an opportunity to weigh in on the permissibility of the attachments.

6

would be "highly prejudicial to Plaintiffs"); *Choi v. D'Appolonia*, 252 F.R.D. 266, 269 n.1 (W.D. Pa. 2008) (noting that it is "improper for a party to present a new argument in a reply brief").[5]

## IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 9, is denied. Defendants shall answer the Complaint on or before March 15, 2019.

*/s/ Mark R. Hornak*

Mark R. Hornak
Chief United States District Judge

Dated: February 25, 2019.

cc: All counsel of record

---

[5] Even if the Court did consider such argument, Plaintiff has supported her allegation of reckless indifference with the factual allegation that the entity in charge of the very well pad that caused Mr. Jones's death had received *hundreds* of violations by PADEP, and Defendants' own reply brief acknowledges that PADEP "is responsible for . . . facilitate[ing] the *safe* exploration, development, recovery of Pennsylvania's oil and gas reservoirs . . . ." (ECF No. 17, at 4 n.4.) Since the issue in this case will likely center on Defendants' duty to provide safe conditions on the well pad, Defendants' argument that "to the extent any citations for DE DEP even exist," it "would have no bearing whatsoever on these issues," is unavailing at this early stage. (ECF No. 17, at 4).

7