**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROSA JONES, Administratrix of the Estate of Marc Jones, Deceased,<br>         *Plaintiff*<br><br>vs.<br><br>SWEPI LP; SHELL ENERGY HOLDING GP, LLC; CONSOLIDATED RIG WORKS, L.P.<br><br>         *Defendants.* | :<br>:<br>:<br>:<br>:   NO.   2:19-cv-00050-MRH<br>:<br>:<br>:<br>:<br>:   **JURY TRIAL DEMANDED**<br>: |

**AMENDED COMPLAINT**

### I.    PARTIES

1.    Plaintiff Rosa Jones is an adult individual and resident of the State of Kansas, residing therein at 304 Alice Avenue, Newtown, KS 67114. Rosa Jones is the Administratrix of the Estate of Marc Jones, who resided in the State of Kansas at the aforesaid address. At the time of his October 27, 2018 death, and at all times material to this Complaint, Marc Jones was working in the course and scope of his employment with Deep Well Services, 719 W New Castle St, Zelienople, PA 16063, on a well pad operated, controlled, leased, inspected, possessed, managed, and/or maintained by Defendants.

2.    Defendant SWEPI LP is a Delaware limited partnership engaged in the business of oil and gas exploration and production, with a principal place of business located at 1999 Bryan Street, Suite 900, Dallas, TX 75201. SWEPI LP operates hundreds of oil and gas wells throughout Pennsylvania, and has been issued hundreds of violations by the Pennsylvania Department of

Environmental Protection in connection with its operation of those wells.  SWEPI LP operated the well pad that is the subject of this litigation.

3. Defendant Shell Energy Holding GP, LLC, the general partner of SWEPI LP, is a Delaware limited liability company, with a principal place of business located at 1999 Bryan Street, Suite 900, Dallas TX 75201.

4. Defendant Consolidated Rig Works, L.P., is Texas Limited Partnership with a principal place of business located at 6000 E Berry Street, Fort Worth, TX 76119.  The member of Defendant Consolidated Rig Works, L.P. is KBW Management, LLC, which is organized under the laws of the State of Texas and maintains its principal place of business in Texas.  Its members are Billy Wood and Kenneth Butler, who are Texas residents.  No partner or controlling entity of Defendant Consolidated Rig Works, L.P. is a citizen of or has a principal place of business in the Commonwealth of Pennsylvania.

## II. JURISDICTION AND VENUE

5. Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

6. The amount in controversy in this action is in excess of seventy-five thousand ($75,000.00) dollars, exclusive of costs and fees.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## III. FACTUAL ALLEGATIONS

8. At all times material to this Complaint, the Defendants acted by and through their respective agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same.

9. At all times material to this Complaint, Defendants, by and through their respective trustees, directors, agents, servants, workmen, employees and/or other representatives, acting within the course and scope of their employment with the said Defendants, operated, controlled, leased, inspected, possessed, managed, and/or maintained the premises located at 895 Cummings Creek Road, Middlebury Center, PA 16935, more specifically the well pad and Snubbing Unit #10 located on the premises.

10. Defendant Consolidated Rig Works, L.P. designed, manufactured, marketed, sold, supplied, assembled, re-built and/or distributed Snubbing Unit #10 (Serial No. W160035), including the hydraulic jack and its component parts, for use at the aforesaid premises.

11. On or about October 27, 2018, and for a long time prior thereto, it was the duty of the Defendants, by and through their respective trustees, directors, agents, servants, workmen, employees and/or other representatives, to keep and maintain the aforesaid premises, more specifically the snubbing unit and hydraulic jack, in a reasonably safe condition for persons lawfully upon the premises, such as Plaintiff's decedent Marc Jones.

12. On or about October 27, 2018, Plaintiff's decedent, Marc Jones, was a business invitee of the Defendants, and was invited to enter the aforesaid premises for a purpose directly or indirectly connected with the business dealing of the Defendants.

13. On or about October 27, 2018, Plaintiff's decedent, while in the course of his employment, was atop the aforesaid well pad servicing the hydraulic jack, when suddenly and without warning—and due to the negligence and wrongdoing of the Defendants and defective condition of the hydraulic jack—the jack suddenly failed and struck Mr. Jones, asphyxiating him to death.

14. Marc's co-workers rushed to his aid and eventually were able to lower him to the ground, where waiting first responders attempted to revive him and transported him to Soldiers and Sailors Memorial Hospital in Wellsboro, PA.

15. Marc was pronounced dead at 3:16 A.M. on October 27, 2018, as a result of blunt force trauma and positional asphyxiation.

16. At all times material hereto, Plaintiff's decedent acted with due care.

17. At all times material hereto, Defendants knew or should have known, through reasonable inspection, about the aforementioned dangerous condition of the well pad and hydraulic jack.

18. At all times material hereto, Defendants should have realized the aforementioned dangerous condition involved an unreasonable risk of harm to invitees present on the well pad.

19. At all times material hereto, Defendants should have expected that these invitees would be unaware and thus unable to protect themselves against the dangerous conditions, more specifically, that Plaintiff's decedent would be unable to protect himself from the aforementioned dangerous condition.

20. At all times material hereto, Defendants failed to exercise reasonable care to protect such invitees, including Plaintiff's decedent, against the dangerous condition created by Defendants.

21. Recognized industry safety standards require that well-pad operators identify all safety hazards which might be expected during production and methods to prevent injuries resulting from those hazards.

22. Chapter 78 of the Pennsylvania Administrative Code requires well operators to "develop and implement an emergency response plan that provides for equipment, procedures,

training and documentation to properly respond to emergencies that threaten human health and safety for each well site," and this plan "must incorporate National Incident Management System planning standards, including the use of the Incident Command System, Incident Action Planning and Common Communications Plans."

23. It was the duty of Defendants to follow and incorporate said safety standards and practices to ensure that harm, injury, or death would not result to those lawfully upon the well pad, including Plaintiff's decedent.

## COUNT I
## PLAINTIFF, ROSA JONES, ADMINISTRATRIX OF THE ESTATE OF MARC JONES, DECEASED v. SWEPI LP and SHELL ENERGY HOLDING GP, LLC
## NEGLIGENCE

24. Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-three (23) of this complaint as if the same had been fully set forth at length.

25. The negligence of Defendants consisted of the following:

   a. failing to implement industry-recognized safety specifications, more specifically failing to ensure that all aspects of the well pad were free of unreasonable equipment-failure hazards and were safely accessible to individuals lawfully working upon the well pad, such as Plaintiff's decedent;

   b. failing to provide safety specifications identifying equipment-failure hazards, thereby violating recognized safe standards and practices;

   c. failing to appropriately inspect and/or maintain equipment on the well pad to ensure that it was not prone to failure, more specifically, failing to appropriately inspect and/or maintain the subject hydraulic jack;

d. failing to have in place an appropriate emergency response plan, as required by the Pennsylvania Administrative Code;

e. failing to comply with, and in fact to violate, applicable federal, state, local, industrial, trade and/or commercial regulations concerning the operation of well pads;

f. carelessly and negligently creating and allowing a dangerous condition to exist by failing to provide proper safety warnings to individuals lawfully on the premises;

g. failing to correct a dangerous and hazardous condition of which Defendant was aware or should have been aware;

h. failing to adequately and timely repair defects to the aforesaid premises;

i. failing to employ an OSHA certified safety coordinator to conduct routine and necessary inspections to assure that safe practices would be used at the well pad site;

j. failing to ensure that any dangerous work was performed in accordance with OSHA regulations, including applicable lockout/tagout regulations;

k. failing to adequately warn well pad workers of the attendant dangers thereto, more specifically failing to warn Plaintiff's decedent;

l. failing to provide Plaintiff's decedent with a safe place to work;

m. increasing the risk of harm to Plaintiff's decedent by not stopping work at the well pad once the aforementioned hazards became known to Defendant;

n. failing to properly plan, supervise and regulate the work as it was being performed;

    o.    failing to identify hazards and methods to prevent injuries resulting from those hazards;

    p.    failing to implement an adequate safety program for protection against unsafe working conditions and/or unsafe work practices present at the aforementioned well pad site;

    q.    violating sections 323 and 413 of the Restatement of Torts;

    r.    negligence by virtue of the doctrine of *respondeat superior*;

    s.    negligence by virtue of the doctrine of *res ipsa loquitor*;

    t.    *negligence per se*; and

    u.    any other acts or failures to act that may be revealed in discovery.

26. By reason of the aforesaid negligence of the Defendants, the Decedent has suffered severe and permanent injuries, including, but not limited to, catastrophic bodily injuries and death, loss of earnings and earning capacity, past medical expenses, conscious pain and suffering, and loss of life's pleasures.

27. As a further result of the accident described herein, Decedent Marc Jones sustained various medical costs in an effort to treat and cure his injuries.

WHEREFORE, Plaintiff, Rosa Jones, as Administratrix of the Estate of Marc Jones, Deceased, demands judgment against Defendants, SWEPI LP and Shell Energy Holding GP, LLC, in an amount in excess of $75,000.00.

**COUNT II**
**PLAINTIFF, ROSA JONES, ADMINISTRATRIX OF THE ESTATE OF MARC JONES, DECEASED v. CONSOLIDATED RIG WORKS, L.P.**
**STRICT LIABILITY**

28. Plaintiff hereby incorporates by reference paragraphs one (1) through twenty-seven (27) of the within Complaint as though the same were fully set forth at length herein.

29. Defendant Consolidated Rig Works, L.P., placed into the stream of commerce a defective product (the snubbing unit and hydraulic jack, as identified above) that violated the standards created in *Tincher v. Omega Flex*, 104 A.3d 399 (Pa. 2014). More specifically, the Defendant placed into the stream of commerce a defective product wherein (a) the danger was unknowable and unacceptable to the average or ordinary consumer and/or (b) a reasonable person would conclude that the probability and seriousness of harm caused by the Defendant's defective product outweighs the burden or costs of taking precautions.

30. The accident described herein was caused solely and exclusively by Defendant's defective design, manufacture and/or assembly of the aforesaid snubbing unit and its component parts, including, but not limited to:

   a. failing to appropriately design, manufacture, and/or assemble/re-build the subject hydraulic jack to ensure that it would not be prone to failure during routine servicing operations;

   b. failing to design, manufacture, and/or assemble/re-build the subject hydraulic jack with appropriate safety mechanisms, including an appropriate counterbalance system, to prevent the types of injuries suffered by Plaintiff's Decedent;

   c. failing to reasonably foresee that subsequent alterations would be made to the aforesaid hydraulic jack, rendering it unreasonably unsafe to end users;

   d. failing to include in the plans, designs, and specifications for the subject hydraulic jack industry-recognized safety specifications;

  e. failing to exercise the requisite degree of care and caution in design distribution, manufacture, packaging, labeling, assembling, design, supply, sale and re-building of the aforesaid hydraulic jack and its component parts;

  f. failing to ensure that the subject hydraulic jack and its component parts could be used in a manner which would not cause a danger to potential third parties, such as the Plaintiff;

  g. failing to warn of the dangers of the aforesaid hydraulic jack;

  h. failing to provide proper safety and operational instructions to end users; and

  i. any other acts or failures to act that may be revealed in discovery.

31. The accident described herein was due in no manner to negligence on the part of the Plaintiff's Decedent.

32. At all times relevant hereto, Defendant's aforesaid hydraulic jack and its component parts were defective and unsafe for consumer use.

33. At all times relevant hereto, there were latent defects in the Defendant's aforesaid hydraulic jack and its component parts such that the product's defective condition was unknown to the consumer, therefore rendering the product unacceptable for consumer use.

34. The Defendant distributed and sold the aforesaid hydraulic jack and its component parts in a defective condition in violation of the Restatement (Second) of Torts §402(A), and those defects were the sole and proximate cause of the Decedent's injuries.

35. Defendant is strictly liable to Plaintiff as a result of the defective condition of Defendant's product.

36. By reason of the aforesaid negligence of the Defendant, the Decedent has suffered severe and permanent injuries, including, but not limited to, catastrophic bodily injuries and death,

loss of earnings and earning capacity, past medical expenses, conscious pain and suffering, and loss of life's pleasures.

37. As a further result of the accident described herein, Decedent Marc Jones sustained various medical costs in an effort to treat and cure his injuries.

WHEREFORE, Plaintiff, Rosa Jones, as Administratrix of the Estate of Marc Jones, Deceased, demands judgment against Defendant, Consolidated Rig Works, L.P, in an amount in excess of $75,000.00.

## COUNT III
### PLAINTIFF, ROSA JONES, ADMINISTRATRIX OF THE ESTATE OF MARC JONES, DECEASED v. CONSOLIDATED RIG WORKS, L.P.
### NEGLIGENCE

38. Plaintiff hereby incorporates by reference paragraphs one (1) through thirty-seven (37) of the within Complaint as though the same were fully set forth at length herein.

39. At all times material hereto, Defendant owed a duty to end users of its product, such as Plaintiff's Decedent, to exercise reasonable care in designing, manufacturing and/or assembling the aforesaid hydraulic jack, and to sell/distribute that product in a reasonably safe condition.

40. The Defendant was negligent in designing, manufacturing, assembling, marketing, installing, distributing, and re-building the defectively designed and manufactured hydraulic jack, in general, and in the particular set forth in Paragraph 30, which is hereby incorporated by reference.

41. The aforesaid negligence was the sole and proximate cause of Decedent's injuries, which were due in no manner to negligence on the part of the Decedent.

42. As a result of the foregoing, the Decedent has suffered severe and permanent injuries, including, but not limited to, catastrophic bodily injuries and death, loss of earnings and earning capacity, past medical expenses, conscious pain and suffering, and loss of life's pleasures.

43. As a further result of the accident described herein, Decedent Marc Jones sustained various medical costs in an effort to treat and cure his injuries.

WHEREFORE, Plaintiff, Rosa Jones, as Administratrix of the Estate of Marc Jones, Deceased, demands judgment against Defendant, Consolidated Rig Works, L.P, in an amount in excess of $75,000.00.

### COUNT IV
### PLAINTIFF, ROSA JONES, ADMINISTRATRIX OF THE ESTATE OF MARC JONES, DECEASED v. CONSOLIDATED RIG WORKS, L.P.
### BREACH OF WARRANTY

44. Plaintiff hereby incorporates paragraphs one (1) through forty-three (43) of the within Complaint as though the same were fully set forth at length herein.

45. As a result of the foregoing, Defendant is liable to the Plaintiff for the breach of express and/or implied warranties that the hydraulic jack was merchantable, fit for use, and suitable and fit for its particular purpose under common law and 13 Pa. Cons. Stat. §§ 2314 and 2315.

46. As a result of the aforementioned breach, the Decedent has suffered severe and permanent injuries, including, but not limited to, catastrophic bodily injuries and death, loss of earnings and earning capacity, past medical expenses, conscious pain and suffering, and loss of life's pleasures.

47. As a further result of the aforementioned breach, Decedent Marc Jones sustained various medical costs in an effort to treat and cure his injuries.

WHEREFORE, Plaintiff, Rosa Jones, as Administratrix of the Estate of Marc Jones, Deceased, demands judgment against Defendant, Consolidated Rig Works, L.P, in an amount in excess of $75,000.00.

## COUNT V
## PLAINTIFF, ROSA JONES, ADMINISTRATRIX OF THE ESTATE OF MARC JONES, DECEASED v. ALL DEFENDANTS
## SURVIVAL ACTION

48. Plaintiff hereby incorporates by reference paragraphs one (1) through forty-seven (47) of the within complaint as though the same were set forth at length herein.

49. Plaintiff, Rosa Jones as Administratrix of the Estate of Marc Jones, Deceased, brings this action on behalf of Decedent Marc Jones's Estate under and by virtue of the Pennsylvania Judiciary Act, 42 Pa. Cons. Stat. § 8302, known as the Survival Statute.

50. Plaintiff's Decedent, Marc Jones is survived by the persons listed in Paragraph thirty-eight (38) of this Complaint.

51. Plaintiff, Rosa Jones as Administratrix of the Estate of Marc Jones, Deceased, claims on behalf of the Estate of Marc Jones all damages recoverable under the Survival Act including but not limited to damages for the conscious pain and suffering undergone by Decedent Marc Jones as a result of the conduct of Defendants, their real, apparent and/or ostensible agents, servants and/or employees, up to and including the time of his death; the net amount of money decedent would have earned between the date of his death and today and the net amount of money Decedent Marc Jones would have earned between today and the end of his life expectancy.

WHEREFORE, Plaintiff, Rosa Jones, as Administratrix of the Estate of Marc Jones, Deceased, demands judgment against the Defendants, jointly and severally, in an amount in excess of $75,000.00.

## COUNT VI
## PLAINTIFF, ROSA JONES, ADMINISTRATRIX OF THE ESTATE OF MARC JONES, DECEASED v. ALL DEFENDANTS
## WRONGFUL DEATH

52. Plaintiff hereby incorporates by reference paragraphs one (1) through fifty-one (51) of the within complaint as though the same were set forth at length herein.

53. Plaintiff's Decedent, Marc Jones, left surviving:

   a. his daughter, Alaina J. Jones;

   b. his wife, Rosa Jones; and

   c. his mother Phyllis Elizabeth Jones.

54. Marc Jones died on October 27, 2018.

55. Decedent's wife, Rosa Jones, is the administratrix of the Estate of the Decedent, Marc Jones.

56. Plaintiff, Rosa Jones, brings this action on behalf of Decedent Marc Jones's Estate under and by virtue of the Pennsylvania Judiciary Act 42 Pa. C. S. 8301, known as the Wrongful Death Statute.

57. All persons entitled to share in the Estate of Marc Jones are named in paragraph thirty-eight (38) of the within Complaint.

58. Plaintiff, Rosa Jones as Administratrix of the Estate of Marc Jones, Deceased, claims on behalf of Decedent Marc Jones's survivors all damages recoverable under the Wrongful Death Act, including but not limited to the pecuniary value of support, services, society and comfort that Decedent Marc Jones would have provided had he lived, as well as for the reimbursement of medical expenses, funeral expenses and other expenses incurred in connection with his death.

WHEREFORE, Plaintiff Rosa Jones as Administratrix of the Estate of Marc Jones, Deceased, demands judgment against all Defendants, jointly and severally, in an amount in excess of $75,000.00.

## COUNT VII
## PLAINTIFF, ROSA JONES, ADMINISTRATRIX OF THE ESTATE OF MARC JONES, DECEASED v. SWEPI LP and SHELL ENERGY HOLDING GP, LLC
## <u>PUNITIVE DAMAGES</u>

59. Plaintiff hereby incorporates by reference paragraphs one (1) through fifty-eight (58) of the within complaint as though the same were set forth at length herein.

60. Defendants, SWEPI LP and Shell Energy Holding GP, LLC, have been issued hundreds of violations by the Pennsylvania Department of Environmental Protection in connection with their operation of oil and gas wells in the Commonwealth of Pennsylvania.

61. Defendants' repeated violations while operating these wells evince a reckless indifference to the rights of third parties, including the decedent, Marc Jones.

WHEREFORE, Plaintiff Rosa Jones as Administratrix of the Estate of Marc Jones, Deceased, demands judgment against Defendants, SWEPI LP and Shell Energy Holding GP, LLC, in an amount in excess of $75,000.00, including punitive damages.

Respectfully,

**SWARTZ CULLETON PC**

Date: June 10, 2019

By: <u>/s/ Anthony J. Giannetti</u>
Brandon Swartz, Esquire
Anthony J. Giannetti, Esquire
3 Gateway Center, Suite 2325
Pittsburgh, PA 15222
agiannetti@swartzculleton.com
412-238-7610
f: 412-200-7595
*Attorneys for Plaintiff*