# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| ROSA JONES, | ) |
| --- | --- |
| Plaintiff, | ) |
| | ) 2:19-cv-00050 |
| v. | ) |
| SWEPI L.P. et al., | ) |
| Defendants. | ) |

## OPINION

**Mark R. Hornak, Chief United States District Judge**

Third-Party Defendant Sun Energy Services L.L.C., doing business as Deep Well Services ("Deep Well"), moved to dismiss Third-Party Plaintiff Consolidated Rig Works L.P.'s ("Consolidated Rig") Third-Party Complaint. Deep Well's Motion to Dismiss ultimately depends on which state's law applies to a contract it signed with Consolidated Rig. The Parties' contract included a choice of law provision—selecting Texas law. In almost every case, a court should give effect to a choice of law provision. Deep Well argues that this is the rare one, when the Court should decline to enforce the Parties' choice of law provision. It argues that Pennsylvania law should apply instead. The Court agrees. Because the choice of law provision conflicts with Pennsylvania's fundamental public policy—here, its Workers' Compensation Act—the provision is unenforceable. And Pennsylvania has a materially greater interest in protecting workers injured within its borders. Thus, Pennsylvania law applies. Under that law, Deep Well is immune from liability stemming from personal injury lawsuits brought by its employees. Deep Well's Motion to Dismiss (ECF No. 65), is **GRANTED**.

1

## I. FACTS & PROCEDURAL HISTORY

The main issues in this case are the Estate of Marc Jones's wrongful death and other tort claims against several defendants, including Consolidated Rig. This motion to dismiss, however, does not directly implicate Jones's claims. Instead, Deep Well's Motion to Dismiss is something of a side dish to this wrongful death lawsuit's main course, so the Court will refrain from fully detailing all of Jones's allegations. Only three (3) facts are relevant to the Court's task today. First, Deep Well employed Jones at the time of his death. Second, Jones died at a worksite in Pennsylvania. Third, Consolidated Rig sold a hydraulic jack, which allegedly played a role in Jones's death, to Deep Well under a contract that included a choice of law provision—selecting Texas law to interpret the agreement.

Jones's estate first filed its Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania. (ECF No. 1-2.) That Complaint named Swepi L.P. ("Swepi"), Shell Energy Holding Group L.L.C. ("Shell Energy"), and two (2) individuals as defendants. (*Id.*) Swepi and Shell Energy later removed the case to this Court. (ECF No. 1.) After voluntarily dismissing its claims against the two (2) individual defendants, Jones's estate filed an Amended Complaint. (ECF Nos. 19 and 36.) That Amended Complaint kept Swepi and Shell Energy as defendants and added Consolidated Rig as a third defendant. (ECF No. 36.)

Later, Consolidated Rig impleaded Jones's employer, Deep Well. (ECF No. 58.) Consolidated Rig's Third-Party Complaint alleged that Deep Well contracted to indemnify it when Consolidated Rig sold the hydraulic jack to Deep Well—equipment allegedly involved in Jones's death. That contract, Consolidated Rig argues, should be interpreted using Texas law—the state named in the contract's choice of law provision. Deep Well moved to dismiss Consolidated Rig's Third-Party Complaint under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 65.) Deep Well's

argument, in sum and substance, is that Pennsylvania law, not Texas, applies here. And as Jones's employer, Deep Well argues that it is immune from liability for his workplace injury under Pennsylvania's Workers' Compensation Act. Consolidated Rig and Deep Well fully briefed the relevant issues. (ECF Nos. 66, 72, 73, and 76.) And the Court heard oral argument on the motion. (ECF No. 86.) The Court now decides Deep Well's Motion to Dismiss.

## II. LEGAL STANDARD

A claim may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Our Supreme Court's decision in *Ashcroft v. Iqbal* held that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not enough to survive a Rule 12(b)(6) motion. 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Instead, to survive a motion to dismiss, the plaintiff's factual allegations must "raise a right to relief above the speculative level" by stating a plausible claim for relief. *Twombly*, 550 U.S. at 555. This plausibility standard is not a "probability requirement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). Yet it requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.*

The Third Circuit has broken the *Iqbal* and *Twombly* pleading standard into a three-part framework. First, the Court must identify the elements of the claims. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Second, the Court strikes conclusory allegations from the complaint. *Id.* Third, the Court looks at the remaining "well-pleaded" allegations in the complaint and asks whether all of the elements identified in the first step of the framework are sufficiently alleged. *Id.* Along the same lines, the Third Circuit has held that the complaint must "show" that the plaintiff is entitled to relief based on the facts that the Court must presume as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). In the context of a Rule 12(b)(6) motion based

3

on Workers' Compensation Act immunity, the movant must show that it is entitled to that immunity.

### III. DISCUSSION

In their briefs and at oral argument, both Consolidated Rig and Deep Well argued that this case presents a conflict of laws question. Consolidated Rig argues that the Court should give effect to the contract's choice of law provision, and therefore apply Texas law. Deep Well argues that the choice of law provision is unenforceable and that the Court should therefore apply Pennsylvania law.

The Court's discussion proceeds in two (2) parts. First, the Court decides whether Pennsylvania or Texas law governs Consolidated Rig's indemnity claim. Second, the Court decides whether Consolidated Rig's indemnity claim can stand under the applicable state's law. The Court concludes that Pennsylvania law applies, and Consolidated Rig's indemnity claim is barred by Pennsylvania's Workers' Compensation Act. So Deep Well's Motion to Dismiss is granted.

#### A. Choice of Law

In a diversity action such as this, a federal court must apply the forum state's choice of law rules. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941). So Pennsylvania's choice of law rules apply to Consolidated Rig and Deep Well's dispute.

When parties agree to apply a specific state's law to their contract, Pennsylvania courts generally enforce that agreement. *See Kruzits v. Okuma Mach. Tool, Inc.*, 40 F.3d 52, 55 (3d Cir. 1994) (citing *Smith v. Commonwealth Nat'l Bank*, 557 A.2d 775, 777 (Pa. Super. Ct. 1989)). But Pennsylvania courts have also adopted § 187 of the Restatement (Second) of Conflict of Laws. *Id.* (citing *Schifano v. Schifano*, 471 A.2d 839, 843 n.5 (Pa. Super. Ct. 1984)). That section provides

two (2) exceptions to the general rule that courts should apply the parties' chosen law. The first is when "the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice." Restatement (Second) of Conflict of Laws § 187(2)(a). The second exception is when applying the parties' chosen law "would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue and which . . . would be the state of the applicable law in the absence of an effective choice of law by the parties." *Id.* § 187(2)(b).

Section 187's first exception does not apply to Consolidated Rig and Deep Well's choice of law agreement. Although Deep Well appears invoke § 187's first exception, its argument is halfhearted—and for good reason. Texas has at least *some* relationship to the Parties. After all, Consolidated Rig is based in Texas and it manufactured the hydraulic jack at issue in the Lone Star State. So the Court rejects any argument that Texas has no "substantial relationship to the parties." *See id.* § 187(2)(a).

On the other hand, § 187's second exception does apply here. Pennsylvania has a materially greater interest in protecting workers injured on the job within the Commonwealth's borders. And the Pennsylvania General Assembly codified that fundamental public policy in the Workers' Compensation Act. *See* 77 P.S. §§ 1, 481(a); *McIlvaine Trucking, Inc. v. Workers' Comp. Appeal Bd.*, 810 A.2d 1280, 1286 (Pa. 2002).

In *Finney v. CSX Transp., Inc.*, Judge Savage in the Eastern District of Pennsylvania encountered an indemnity claim nearly identical to the one here. No. 09-3040, 2009 WL 3719382, at *1–4 (E.D. Pa. 2009). That case, like this one, involved a lawsuit brought by an employee injured on-the-job in Pennsylvania; the injured employee sued a defendant who was not his employer; and the defendant sought to implead the employer for indemnity under a contract between the two.

5

There, although the parties' contract stated that Florida law should apply, the *Finney* Court found the choice of law provision unenforceable. *Id.* at *2–3. It reasoned that because the employee's injuries occurred in Pennsylvania, applying Florida law would offend Pennsylvania's materially greater interest in protecting its workers.

*Finney* relied on *McIlvaine Trucking*, a 2002 Pennsylvania Supreme Court decision. *See id.* at *2 (citing *McIlvaine Trucking*, 810 A.2d at 1280). There, Pennsylvania's highest Court held that choice of law agreements "may be avoided where . . . their terms offend public policy." *McIlvaine Trucking*, 810 A.2d at 1286. What's more, the *McIlvaine Trucking* Court held that Pennsylvania's Workers' Compensation Act represented a fundamental public policy. *See id.* at 1286 & n.9. In particular, the Pennsylvania General Assembly commanded that the Act cover all in-state injuries. *Id.* So even though parties generally may choose what state's law to apply to their contract, the Court can override that choice when an employee's injury happens in Pennsylvania and the employer invokes Pennsylvania's Workers' Compensation Act. That is, of course, unless the employer waived its immunity under the Workers' Compensation Act. And that is where the conflict of laws arises in Consolidated Rig and Deep Well's dispute.

Consolidated Rig and Deep Well chose Texas law to govern their contract. Texas, like Pennsylvania and most other states, has its own workers' compensation statutory scheme. *See* Tex. Lab. Code Ann. § 408.001. The wrinkle is the difference in how an employer waives its immunity under Texas and Pennsylvania law. In Pennsylvania, courts apply the so-called *Bester* test to determine whether an employer waived its immunity from liability to its employees. *See Bester v. Essex Crane Rental Corp.*, 619 A.2d 304, 307 (Pa. Super. Ct. 1993) (en banc) (citing 77 P.S. § 481). Under the *Bester* test, an employer only waives its statutory immunity if it does so expressly and unequivocally in the contract. *See, e.g., Bester*, 619 A.2d at 307–08. Texas, in

contrast, does not have a *Bester*-like doctrine for waiver of workers' compensation immunity—something that Consolidated Rig concedes. (ECF No. 73, at 12 ("The *Bester* rule simply does not exist in Texas.").)

At oral argument, Consolidated Rig cited *Acker v. Ray Angelini, Inc.* in an attempt to persuade the Court not to follow *Finney*'s lead. 259 F. Supp. 3d. 305 (E.D. Pa. 2016). *Acker*, like *Finney* and this case, involved an injured worker who sued a non-employer defendant; and that defendant in turn sought indemnity from the employer under a contract. *Id.* at 308, 314. There, Judge McHugh in the Eastern District of Pennsylvania rejected an argument that enforcing a choice of law provision that applied New Jersey law would violate Pennsylvania's fundamental public policy. *Id.* at 314. But *Acker* only hammers home just how analogous this case is to *Finney*. That is because, while the injured employee was a Pennsylvanian, the injury in *Acker* happened in New Jersey, not Pennsylvania. *See id.* at 308, 314 (distinguishing *Finney* based on location of the workplace injury). So Pennsylvania's interest in *Acker* did not necessarily outweigh New Jersey's. *See id.* at 314. By contrast, the employee in *Finney* suffered his injury in Pennsylvania, so Pennsylvania's interest took precedence. *See id.* The different outcomes in *Acker* and *Finney* help this Court isolate the key factor: location of the workplace injury. And on that basis, Consolidated Rig and Deep Well's dispute is far closer to *Finney*'s facts.

Jones died in a workplace accident in Pennsylvania. The only way Jones's employer, Deep Well, could be liable for his injuries is if Deep Well waived its statutory immunity. Waiver, under Pennsylvania law, requires express and unequivocal intent evidenced in Deep Well and Consolidated Rig's contract—i.e., the *Bester* test. The same is not true under Texas law. Deep Well and Consolidated Rig's choice of law provision, then, conflicts with Pennsylvania's fundamental public policy codified in its Workers' Compensation Act. As a result, the choice of

7

law provision is unenforceable and Pennsylvania law applies to Consolidated Rig's indemnity claim.

## B. Applying Pennsylvania Law

While deciding what state's law governs this dispute presented something of a challenge, applying that law does not. In its brief and at oral argument, Consolidated Rig conceded its contract with Deep Well does not meet the *Bester* test. (ECF No. 73, at 15.) The Court agrees. In its contract with Consolidated Rig, Deep Well did not waive its immunity from indemnity claims brought by third parties facing personal injury liability to one of Deep Well's employees. As a result, Consolidated Rig's indemnity claim cannot move forward.

As already noted, Pennsylvania law makes its Workers' Compensation Act the exclusive means of holding employers liable for their employee's injuries. *See* 77 P.S. § 481(a) ("The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes . . . ."). Which is to say that the employer is immune from suit for an employee's workplace injuries. And, as a default rule, that immunity applies to third party indemnity claims against an employer stemming from an employee's claim against the third party. *See id.* § 481(b).

The Workers' Compensation Act, however, allows an employer to contractually waive its immunity to third party indemnity claims by expressly agreeing to indemnify the third party. *See id.* But Pennsylvania case law disfavors such agreements—a position illustrated by the *Bester* test. *See, e.g.*, *Bester*, 619 A.2d at 307–08. If the indemnification provision "is clear and includes indemnification in the event of either the indemnitee's or the employer's own negligence," that is one thing. *Id.* at 307. But if the intent to indemnify does not "clearly appear from the terms of the agreement," Pennsylvania case law does not support finding that the employer waived its immunity. *Id.* (citing *Remas v. Duquesne Light Co.*, 537 A.2d 881 (Pa. Super. Ct. 1988)). Along

8

the same lines, the case law is clear that general contractual language from an employer agreeing to indemnify "any or all" claims or claims of "any nature whatsoever" does not cut it under the *Bester* test. *See id.* at 307 (citing *Pittsburgh Steel Co. v. Patterson-Emerson-Comstock, Inc.*, 171 A.2d 185 (1961)). Instead, § 481 requires far more specificity.

Consolidated Rig is right to concede that its contract with Deep Well cannot pass muster under the *Bester* test. (ECF No. 73, at 15.) Consolidated Rig and Deep Well's contract contains exactly the kind of general indemnity language that Pennsylvania case law holds cannot waive Workers' Compensation Act immunity. In their contract, Consolidated Rig and Deep Well agreed to indemnify each other for "any claims" that arose from certain triggering events. (ECF No. 58-6, at 3.) And the indemnity provision defined "claims" to broadly mean claims "of any kind or nature whatsoever." (*Id.* at 4.) That sort of broad-brush language does not meet *Bester*'s standard for waiver under § 481(b). *See Bester*, 619 A.2d at 307.

Perhaps in an admission that it cannot win under *Bester*'s specificity requirement, Consolidated Rig argued that this Court should not apply *Bester*. To support its *Bester* workaround, Consolidated Rig claims that the Third Circuit inspected and rejected the *Bester* test in *Kiewit E. Co. v. L&R Constr. Co.*, 44 F.3d 1194 (3d Cir. 1995). It is true, as Consolidated Rig notes, that *Kiewit* found waiver of employer immunity whereas *Bester* did not. *See id.* at 1200–01. But that misses the point. The *Kiewit* Court applied the *Bester* test to reach its conclusion that the employer there waived its immunity under § 481(b). *See id.* (applying *Bester* but identifying express unequivocal language waiving immunity from indemnification claim by third party). So far from a rejection of *Bester*'s reasoning, *Kiewit* provides an example of the Third Circuit employing exactly that reasoning.

9

*Kiewit* similarly halts Consolidated Rig's second reason why this Court should reject *Bester*: that because the Pennsylvania Superior Court decided *Bester*, not the Pennsylvania Supreme Court, *Bester* has no impact here. (ECF No. 73, at 15.) Consolidated Rig is right that, as a lower state court decision, *Bester* is not binding. *See Wisniewski v. Johns-Manville Corp.*, 759 F.2d 271, 273–74 (3d Cir. 1985). Still, federal courts must give significant weight to lower state court decisions when the state's highest court is yet to speak on the issue. *Id.* (first citing *Comm'r v. Estate of Bosch*, 387 U.S. 456, 464–65 (1967); then citing *West v. Am. Tel. & Tel. Co.*, 311 U.S. 223, 237 (1940)). The Third Circuit gave *Bester*—an en banc decision from the Superior Court— significant weight in *Kiewit*. *See Kiewit*, 44 F.3d at 1200–01 & n.16. And this Court assigns *Bester* the same significance today—as it must given the precedential Third Circuit opinion in *Kiewit*.

In the end, Consolidated Rig's concession that its contract cannot satisfy the *Bester* test is an appropriate one. The indemnification agreement between Deep Well and Consolidated Rig fails to expressly and unequivocally waive Deep Well's immunity under the Pennsylvania Workers' Compensation Act. For that reason, Consolidated Rig's indemnity claim cannot go forward.

## IV. CONCLUSION

Applying Texas law to this case, as the choice of law agreement provides, would violate Pennsylvania's materially greater interest in protecting workers within the Commonwealth. The choice of law provision, then, is unenforceable. So the Court applies the law of the state with the materially greater interest—here, Pennsylvania. And under the Pennsylvania Workers' Compensation Act, Deep Well is immune from Consolidated Rig's indemnity claim. To that end, Deep Well's Motion to Dismiss (ECF No. 65), is **GRANTED**.

Mark R. Hornak
Chief United States District Judge

Dated: January 16, 2020
cc: All counsel of record via ECF