**IN THE UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ROSA JONES, Administratrix of the Estate of Marc Jones, Deceased,<br>　　　　　*Plaintiff*<br><br>　　　vs.<br><br>SWEPI LP; SHELL ENERGY HOLDING GP, LLC; CONSOLIDATED RIG WORKS, L.P.<br>　　　　*Defendants.* | :<br>:<br>:<br>:<br>:<br>:　　NO.　2:19-cv-00050-MRH<br>:<br>:<br>:<br>:　　**JURY TRIAL DEMANDED**<br>:<br>: |

**ORDER**

AND NOW, this 17ᵗʰ day of February, 2023 upon consideration of the within Motion to Settle Wrongful Death and Survival Actions, and any appropriate response thereto, it is hereby ORDERED and DECREEED that the said Motion is GRANTED.  Plaintiff is authorized to enter into a settlement with the Defendants for the total sum of ████████

It is further ORDERED and DECREED that the settlement proceeds are allocated as follows:

　　　　Wrongful Death Action:　　100%

　　　　Survival Action:　　0%

It is further ORDERED AND DECREED that the settlement shall be distributed as follows:

　　　　1)　TO: Swartz Culleton PC for reimbursed costs:　████████

　　　　2)　TO: Swartz Culleton PC for attorney fees:　

　　　　3)　TO: Starr Indemnity (workers' compensation lien):　

4) WRONGFUL DEATH

To: Rosa Jones 

To: A.J.

*paid to Pacific Life & Annuity Services, Inc. ("Assignee") for the purchase of an annuity policy from Pacific Life Insurance Company ("Annuity Issuer") to provide the below future periodic payments on the dates and in the amounts indicated hereafter:



monthly, ████. The last payment will be ████,

annually, ████ The last payment will be made on ████

guaranteed lump sum payable ████

guaranteed lump sum payable ████

guaranteed lump sum payable ████

guaranteed lump sum payable ████

guaranteed lump sum payable ████

guaranteed lump sum payable ████

The future payment amounts outlined above are guaranteed based upon a projected annuity purchase date of ████ Any delay in funding the annuity may result in a delay of the payment dates or change in payment amounts that shall be recorded in the settlement agreement and release, qualified assignment document and annuity contract without the need of obtaining an amended Petition/Court Order up to 180 days after original purchase date.

**ASSIGNMENT:**

It is understood that the Defendant and or Insurer shall make and execute a Qualified Assignment under Section 130 of the Internal Revenue Code to Pacific Life & Annuity Services, Inc. ("Assignee") to fund the obligation to make payments through the purchase of an annuity contract issued by Pacific Life Insurance Company ("Annuity Issuer"), rated A+XV by A.M. Best Company, who shall make the future periodic payments.

Any payments to be made after the death of the Payee pursuant to the terms of the Settlement Agreement shall be made to the estate of the Payee. After age of majority, Payee may submit a change of beneficiary to the Assignee. The designation must be in a form acceptable to the Assignee before such payments are made.

Payee acknowledges that the Periodic Payments cannot be accelerated, deferred, increased, or decreased by the Payee; nor shall the Payee have the power to sell, mortgage, encumber, or anticipate the Periodic Payments or any part thereof, by way of assignment or otherwise.

**TOTAL SETTLEMENT:**　███████████

**BY THE COURT:**

Chief U.S. District Judge J.